```
 1  JOAN KERRY BADER
    California State Bar No. 172586
 2  964 Fifth Avenue, Suite 214
    San Diego, California  92101-6128
 3  Telephone No. (619) 699-5995
 4  Attorney for Defendant KENNEDY
```

 5            UNITED STATES DISTRICT COURT

 6            SOUTHERN DISTRICT OF CALIFORNIA

 7            **(HONORABLE NITA L. STORMES)**

```
 8  UNITED STATES OF AMERICA,          )
                                       )  Criminal No. 08CR0650JTM
 9                                     )        No. 08mj0569
              Plaintiff,               )
10                                     )  Date: March 25, 2008
                                       )
11                                     )  Time: 9:30 a.m.
    v.                                 )
12                                     )  NOTICE OF MOTION AND
    MATTHEW WILL KENNEDY,              )  AND
13                                     )  MOTION IN OPPOSITION
                                       )  TO MOTION FOR VIDEO-TAPED
14                                     )  DEPOSITION OF MATERIAL
              Defendant.               )  WITNESS
15                                     )
    _____)
16
    TO:      KAREN HEWITT, UNITED STATES ATTORNEY, and
17                         , ASSISTANT UNITED STATES ATTORNEY, and
             JOHN ELLIS, ATTORNEY FOR DEFENDANT for LAWRENCE DOSS ;
18           SHAUN KHOJAYAN, JR., ATTORNEY FOR DEFENDANT SANDRA BNI;
             LINDA KING for the MATERIAL WITNESSES
19
```

On Tuesday, March 25, 2008 at 9:30 a.m., or as soon thereafter as counsel may be heard, defendant, William Kennedy, by and through his attorney, Kerry Bader, will ask this Court to enter an order granting the motions listed below, to oppose the motion for video-taped deposition.

March 21, 2008

                                        JOAN KERRY BADER

//

| | |
|---|---|
| 1 | |
| 2 | **MOTIONS** |
| 3 | Defendant, William Matt Kennedy, by and through his |
| 4 | attorney, Kerry Bader, pursuant to the United States Constitution, |
| 5 | the Federal Rules of Criminal Procedure, and all other applicable |
| 6 | statutes, case law and local rules, hereby presents the following |
| 7 | motion, opposition to the motion for a video-taped deposition in |
| 8 | case number 08cr0650JTM. |
| 9 | This motion is based upon the notice of motions, the |
| 10 | statement of facts and memorandum of points and authorities, and any |
| 11 | and all other materials that may come to this Court's attention at |
| 12 | the time of the hearing on these motions. |
| 13 | Respectfully submitted, |
| 14 | |
| 15 | Dated: March 21, 2008    JOAN KERRY BADER |
| 16 | Attorney for Mr. Kennedy |

```
 1  JOAN KERRY BADER
    California State Bar No. 172586
 2  964 Fifth Avenue, Suite 214
    San Diego, California  92101-6128
 3  Telephone No. (619) 699-5995
 4  Attorney for Defendant KENNEDY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE NITA L. STORMES)**

| UNITED STATES OF AMERICA, | ) Criminal No. 08CR0650JTM |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| MATTHEW WILL KENNEDY, | ) DEFENDANT'S MEMORANDUM OF POINTS |
| | ) AND AUTHORITIES |
| Defendant. | ) |

**I.**

**PRELIMINARY STATEMENT**

The Defendant, Mr. Kennedy has been charged with Title 8, USC section 1324(a)(2)(B)(ii), Harboring Illegal Aliens, 8 USC section 1324(a)(1)(A)(iii) and (v), Conspiracy, 18 USC section 371 and 18 USC section 2, Aiding and Abetting each of the substantive counts.

Mr. Kennedy was arrested February 25, 2008 in a trailer in the Mountain Empire Campground by United States Border Patrol Agents, at about 6:30 in the morning. Sandra Bni was also in the trailer. Lawrence Doss, the second defendant was arrested in a vehicle near the entrance to the campground with four undocumented persons within the vehicle.

According to the complaint the material witness did not

identify him as someone involved in their smuggling venture.

The attorney for the material witness has filed a motion for a video-taped deposition of the three material witnesses, citing, in part, that they are incarcerated and that they are the sole supporters of their families which causes them extreme hardship.

## II.
## MR. KENNEDY RESPECTFULLY OPPOSES THE MATERIAL WITNESS' MOTION FOR VIDEO-TAPED DEPOSITION

In this case the Material Witnesses have moved under 18 USC section 3144 for a video-taped deposition.  Mr. Kennedy opposes this motion as the material witnesses and they have no proven they are suffering extreme hardship and because the Material Witness statute is unconstitutional.

## III.
## MR. KENNEDY RESPECTFULLY ASKS THE COURT TO DENY THE REQUEST FOR A VIDEO-TAPED DEPOSITION

18 USC section 3144 states in pertinent part:

> ....No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice....

**A.    The Statute is Unconstitutional**

18 USC section 3144 violates the Fifth Amendment's right to Due Process for criminal defendants for the following reasons.  The Fifth Amendment guarantees that a defendant not be deprived of his life, liberty or property without due process of the law.  The Sixth Amendment allows the defendant to be confronted with the witnesses against him, and to have compulsory process for obtaining

witnesses in his favor, and to have the assistance of counsel for his defense.

### i. 18 Usc section 3144 violates Mr. Kennedy's Fifth Amendment rights

Section 3144 allows a witness to be deposed in a criminal case, outside the presence of a judge or a jury, within the jury trial, to confront witnesses, and to due process and fundamental fairness.  The fact-finding procedure is tainted by the fact that the witness is not sworn by a judge, and the witness is not viewed in person by the jury; in other words, there is no unbiased person or entity confines of the United States Attorney's office.  This process violates the Constitution's guarantees of the right to a presiding over these proceedings and the fact finders are prevented from doing their job, which includes determining the credibility of the witnesses which includes demeanor evidence as well as the right to see the witness confronted by the defendant at trial, the constitution says nothing of the right to a deposition.

Furthermore, the government handles all of the procedural matters and the deposition takes place in the government's offices, which is an inappropriate forum for a trial to occur.

In addition, the witnesses were incarcerated and detained by the government, the opposing party.  Since they were in the government's custody, which is a party to the case, the very party that arrested them, and the very party that would admonish them to come to trial, such a procedure allows for bias on the part of the witnesses to testify in favor of the organization that was holding them in custody and which at least appears to be the holder of the keys to their liberty.

1
2    The witnesses should be sworn and heard before an unbiased
3 fact-finder and judge, not by a party to the case, such as the
4 government, in their offices.  Furthermore, the proceedings, if it
5 is to take place, should occur in a courtroom, not in the
6 prosecutor's offices.

7    **ii.   18 USC section 3144 violates Mr. Dotinga's Sixth Amendment rights and Fifth Amendment rights**
8

9    The Sixth Amendment guarantees that the jury is permitted
10 to observe the demeanor of the witness, in order to assess the
11 witness' credibility.  <u>Maryland v. Craig</u>, 497 U.S. 836, 851 (1989);
12 <u>United States v. Sines</u>, 761 F.2d 1434 (9th Cir. 1985).  The effect
13 of a video-taped deposition results only in the witness' face being
14 shown to the jury, not to whom or where the witness is looking while
15 she is testifying.  This is particularly important in this case
16 where identity of the defendants is at issue: imagine an
17 identification issue at trial where the chief witnesses are being
18 asked to identify the culprits and the jury is not allowed to see
19 anything happening in the courtroom except for a close-up on a video
20 monitor of the witness' face.

21    Also, the process, because it is not undertaken in a
22 courtroom, before a judge or jury, assures the witness will more
23 than likely respond in favor of the party that spoke with her first,
24 incarcerated her, and whose authority is paramount as it is the
25 government who is confining her, transporting her, swearing her and
26 appearing as if it is the party that determines if she will be
27 remain on bond or deported.  These factors alone, or in combination,
28 can effect the witness' demeanor and/or testimony, so that it would

differ from the demeanor she would exhibit in a courtroom where the judge acts as a neutral referee who determines the law, and where there is a neutral fact-finder, the jury, who is not a party to the case.

It should not be forgotten that the Sixth Amendment specifically applies to "criminal prosecutions." It guarantees "confrontation" and a "public trial." These are not guarantees that extend by order of the Constitution to civil cases where depositions are commonplace. Therefore, these guarantees, which carry far more weight, should be upheld and the material witnesses should be ordered to testify at trial, as it is the accused whose liberty is at stake.

### iii. The Statute is unconstitutional because it is vague and because it unlawfully permits the government to place a witness beyond the reach of a subpoena

As it appears from the electronic filings in this matter that the following issue may be moot, as it appears the material witnesses have secured their release by posting a bond, the argument is made to preserve the record:

18 USC section 3144 allows the release of a material witness "if further detention is not necessary to prevent a failure of justice."

For one, it is completely unclear from the statute itself what constitutes a "failure of justice." The Ninth Circuit has held that continued detention of material witnesses who are the sole supporters of their families constitutes a "failure of justice." Torres-Ruiz v. District Court, 120 F.3d 933, 935 (9th Cir. 1997).

Because of the vague standard set forth within the statute, the Constitutionality of the statute fails.

Furthermore, if there is any potential "failure of justice" that results from the deposition process, it is a failure of justice enacted upon the criminal defendant, for all the reasons listed above, including the right of the defendant to have the jury assess the witness, his or her demeanor, and his or her credibility before a neutral judge and jury, not in the confines of the United States Attorney's office.  Such a criminal proceeding was not anticipated by the writers of the Constitution that a witness would be confronted by the accused in the prosecutor's office, in the prosecutor's custody.  *See also:* Manimbao v. Ashcroft, 329 F.3d 655 (9th Cir. 2002).  In the context of deportation proceedings, the Ninth Circuit has held that credibility findings are best left to Immigration Judges, not appellate bodies, because of judge's ability to observe demeanor evidence, and to distill interpreting inconsistencies and the dynamics of an interview, and to determine matters of misinterpretation, confusion or true inconsistencies. Likewise, a jury, which holds the Constitutional right to do so, should be permitted to make these judgment calls which are not so easily made from a video of a witness who is being taped in the confines of the prosecuting party.

Secondly, a "failure of justice" is not necessarily committed by the continued confinement of a witness who could be released upon a lower bond or on her own recognizance.  The bond now for material witnesses in the context of 8 USC section 1324 proceedings is $5000.00.  This is potentially prohibitive to many

material witnesses. Indeed, many material witness attorneys consistently argue that their clients cannot meet such a bond.

The "failure of justice" can be easily remedied if the bonds were lowered or if a person was to be released on her own recognizance. A Global Positioning Device could also be utilized. The risk of flight is very minimal, considering that this particular material witness has affirmatively attempted to enter the country at least four times since April, 2006, and she clearly wishes to be here in the United States. In addition, she advised arresting offices she has friends with whom she plans to live in Los Angeles. By setting such a high bond, the system is designed for a material witness to declare that he or she cannot meet the bond and the defendant must suffer the consequences.

In this particular case, the material witness declares she will suffer a failure of justice because she is incarcerated. The Material Witness' testimony and presence, however, is crucial at trial because no one in this case has made a confession, and the Material Witness does not identify any of the defendants as a smuggler, or the person she was going to pay. She is the defense's most important witness. This is exonerating evidence, which is *"material and favorable"* for all three of the defendants. To lose this witness's testimony to a video, where demeanor evidence is non-existent and where the deposition is further tainted by the forum in which it takes place, causes a travesty of justice for these three defendants who are looking at years in prison, in contrast to the minimal hardship of allowing this woman to be released on her own recognizance.

Finally, upon release of a material witness, after a deposition, the government, by deporting the witness, places the witness beyond the subpoena power of the defendant, in total violation of the Defendant's Sixth Amendment rights. The government is allowed to bootstrap the "unavailability" of the witness, which of course, is unconstitutional. U.S. Const. Sixth Amend.; <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).

## IV.

## CONCLUSION

For all of the above-mentioned reasons, this Court should rule that 18 USC section 3144 is unconstitutional on its face and as applied and the material witness should be released.

Respectfully submitted,

Dated:   March 21, 2008          JOAN KERRY BADER
                                 Attorney for Mr. Kennedy

H:\JKB\MOTN\2008\Kennedy.WPD